UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEXANDER VICENTE PINZA CAIZA, *et al.*, <br><br> Petitioners, <br><br> WARDEN OF MOSHANNON VALLEY ICE PROCESSING CENTER, *et al.*, <br><br> Respondents. | CIVIL ACTION NO. 3:25-CV-02421 <br><br> (MEHALCHICK, J.) |

**MEMORANDUM**

Petitioner Alexander Vicente Pinza Caiza ("Caiza") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 through a third-party, Dominguez Grettel Anahi ("Anahi"), identified as Caiza's spouse, challenging his detention by the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) at the Moshannon Valley Processing Center, 555 Geo Drive, Phillipsburg, Pennsylvania. (Doc. 1.) For reasons set forth below, the Court will transfer this petition to the United States District Court for the Western District of Pennsylvania.

**I.     PROCEDURAL HISTORY**

At the time the petition was filed, Petitioner was housed in the Moshannon Valley Processing Center. (Doc. 1.) He initiated this habeas corpus action under 28 U.S.C. § 2241 on December 16, 2025 challenging his detainment. (Doc. 1). The Court will transfer jurisdiction because of the pending motion to expedite.

**II.    DISCUSSION**

As the Supreme Court noted in *Rumsfeld v. Padilla*, the proper respondent in a 2241 petition is "the person who has custody over" the petitioner. 542 U.S. 426, 434 (2004)

(quoting 28 U.S.C. § 2242). The respondent is the "immediate custodian," the person with the power to produce the person before the court and to release him if proper to do so. *Rumsfeld*, 542 U.S. at 435 (citing 28 U.S.C. § 2243). As *Rumsfeld* also noted, "[d]istrict courts are also limited to granting habeas relief 'within their respective jurisdictions,'" *Rumsfeld*, 542 U.S. at 442, (quoting 28 U.S.C. § 2241(a)), meaning "'that the court issuing the writ have jurisdiction over the custodian.'" *Rumsfeld*, 542 U.S. at 442 (quoting *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 495 (1973)). This requires that the custodian be within the territorial jurisdiction of the issuing court. *Rumsfeld*, 542 U.S. at 445.

The Moshannon Valley Processing Center is in the Western District of Pennsylvania. The Moshannon Valley Processing Center has an address of 555 Geo Drive, Philipsburg, Pennsylvania. (Doc. 1-1). Philipsburg is in Centre County, and Centre County is in the Middle District of Pennsylvania. Thus, one might think that the Moshannon Valley Processing Center is in the Middle District of Pennsylvania. However, while the Moshannon Valley Processing Center has a Philipsburg address, that does not mean that it is in Philipsburg proper or within Centre County. Rather, the facility is located in adjacent Clearfield County. *See* https://gantnews.com/2021/09/29/moshannon-valley-correctional-facility-to-reopen-as-ice-center/ (last visited Dec. 16, 2025) (describing the facility as "near Philipsburg" and discussing proposed contracts with the Clearfield County Commissioner's, the GEO Group, and ICE regarding the facility); https://www.wesa.fm/courts-justice/2021-09-30/a-new-immigrant-detention-center-will-open-in-former-clearfield-county-prison (last visited Dec. 16, 2025) (describing the facility as in Clearfield County). Clearfield County is within the Western District of Pennsylvania. *See* 28 U.S.C. § 118(c).

Courts in this district have repeatedly recognized that the Moshannon Valley Correctional Center is in the Western District of Pennsylvania, and they have transferred cases involving that facility to the Western District. *See Miller v. Mannion*, No. 1:22-CV-00840, 2022 WL 3044650, at *3 (M.D. Pa. July 11, 2022), *report and recommendation adopted*, 2022 WL 3036047, at *1 (M.D. Pa. Aug. 1, 2022); *Henry v. Lynch*, No. 3:16-CV-2451, 2017 WL 126129, at *1 (M.D. Pa. Jan. 12, 2017); *Camacho v. United States*, No. 1:15-CV-0606, 2015 WL 1913025, at *1 (M.D. Pa. Apr. 24, 2015); *Bearam v. Wigen*, No. 3:CV-12-2289, 2013 WL 1750964, at *1 (M.D. Pa. Mar. 20, 2013), *report and recommendation adopted*, 2013 WL 1750999, at *1 (M.D. Pa. Apr. 23, 2013); *Barron v. United States*, No. CIV. 1:CV-09-0816, 2009 WL 1675738, at *1 (M.D. Pa. June 15, 2009).

Likewise, the United States District Court for the Western District of Pennsylvania recognizes that the Moshannon Valley Correctional Center is located in that district. *See e.g.*, *Sanchez-Delatorre v. United States*, No. 3: 20-CV-0018, 2020 WL 8812807, at *1 (W.D. Pa. Aug. 17, 2020); *Norfolk v. GEO Grp., Inc.*, No. 3:17-CV-204, 2020 WL 1873991, at *1 (W.D. Pa. Apr. 15, 2020). The United States Court of Appeals for the Third Circuit has agreed. *See Tsoukalas v. United States*, 215 F. App'x 152 (3d Cir. 2007) (observing that the petitioner filed a petition for a writ of habeas corpus in the United States District Court for the Middle District of Pennsylvania "[w]hile incarcerated at the Moshannon Valley Correctional Facility in Clearfield County, Pennsylvania," reasoning that a § 2241 habeas petition must be filed in the district having jurisdiction over the petitioner's custodian, which in that case was the Western District of Pennsylvania, and concluding that the Middle District lacked jurisdiction to hear the petition).

Because Petitioner is detained at the Moshannon Valley Processing Center at the time of filing, which is in the Western District of Pennsylvania, this court does not have jurisdiction over the instant § 2241 habeas petition.

When a federal court lacks jurisdiction, it may transfer the case to another federal court that does have jurisdiction if it is in the interest of justice to do so. *See* 28 U.S.C. § 1631. "In determining whether transfer is 'in the interest of justice,' courts have considered whether the failure to transfer would prejudice the litigant, whether the litigant filed the original action in good faith, and other equitable factors." *United States v. Banks*, 372 F. App'x 237, 239 (3d Cir. 2010) (quoting 28 U.S.C. § 1631).

The Court finds that it would be in the interest of justice to transfer this action. Based on the addresses of the Moshannon Valley Processing Center the Court concludes that Caiza or Anahi did not file his petition before this Court in bad faith or in an attempt to venue shop. Therefore, there do not appear to be any equitable factors that would weigh against transfer. As many of the above-cited cases show, courts often transfer under these circumstances.

### III.   CONCLUSION

For the reasons set forth above, the Court will transfer the petition to the United States District Court for the Western District of Pennsylvania. A separate order will be issued.

Dated: December 16, 2025                                                     *s/ Karoline Mehalchick*
                                                                                                      **KAROLINE MEHALCHICK**
                                                                                                      **United States District Judge**